IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SCHOLTEN ROOFING SERVICES COMPANY, )
)
Plaintiff, )
)
v. ) No. 02-1856C
)
THE UNITED STATES, ) (Senior Judge Bruggink)
)
Defendant. )

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Appendix A of the Rules of the Court of Federal Claims (“RCFC”), plaintiff, Scholten Roofing Services Company ("Scholten"), and the defendant, the United States, respectfully submit this Joint Preliminary Status Report (“JPSR”).

**4.A. Does the court have jurisdiction over the action?**

The parties are not presently aware of anything that would prohibit the Court from exercising jurisdiction over matters alleged in the complaint and the counterclaim, pursuant to section 609 of the Contract Disputes Act, 41 U.S.C. § 601, et seq. ("CDA"), and the Tucker Act, 28 U.S.C. § 1491(a).

**B. Should the case be consolidated with any other case and the reasons therefore?**

No.

**C. Should trial of liability and damages be bifurcated, and the reasons therefore?**

No.

**D. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefore?**

No.

**E. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration?**

No.

**F. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?**

No.

**G. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56, and, if so, a schedule for the intended filing?**

No.

**H. What are the relevant issues?**

The parties respectfully submit the following separate statements of relevant factual and legal issues.

<u>Statement by Scholten</u>

1. The Defendant issued plans and specifications that required the use of specific roofing materials to be installed on four hanger roofs. Plaintiff installed the required roofing materials as directed. However, the roofs on all four hangers subsequently developed leaks and other defects, compensation for which the Air Force now claims to be entitled to from Scholten. The issue is whether the Air Force's specified roofing materials were fit for their intended purpose. Specifically, whether the roofing material was suitable for installation on the aluminum hangar roofs, and if not, whether the defective plans and specifications were the cause of the Air Force's claimed damages.

2. The original specifications required the removal of the existing roofing materials on the 4 hangers prior to the installation of the new roofing. However, during the bidding process, it was discovered that the previous roofing materials contained asbestos. As a result, the Air Force issued addenda to the specifications directing all bidders to install the new roofing materials over the existing materials. The issue is whether the Air Force's addenda to the specifications regarding installation contributed to the failure of the roofing system.

3. During and after installation, the Air Force commenced replacement of the hangar doors on all four hangers. This replacement required extensive modifications to the hanger

structures. The issue is whether these changes to the hangar structures contributed to the failure of the roofing system.

4. In the spring of 2001, a substantial earthquake struck the region in which the hangers were located. Following this earthquake, the Air Force directed Scholten to return to the site and repair the roofs. The issue is whether the earthquake contributed to the failure of the roofing systems, and if so, is Scholten responsible for the costs associated with the repair of earthquake-caused damage.

Statement by the United States

Did Scholten warrant that the roof installation would conform to the contract requirements, and be free of any defect in material, design furnished, and workmanship?

Within the contract warranty period, did Scholten fail to properly remedy the defects of the installed roof?

If the defects were not remedied within the contract warranty period, what is the proper calculation of damages suffered by the United States?

**I. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

Settlement is unlikely. Settlement negotiations have occurred, but are not active at the present time. The parties may seek the appointment of a settlement judge to conduct alternative dispute resolution proceedings after some expert discovery has occurred.

**J. Do the parties anticipate proceeding to trial? Does any party or do the parties jointly request expedited trial scheduling?**

Trial is likely. The parties agree that expedited trial scheduling would not be in the interests of justice or judicial economy.

**K. Are There Special Issues Regarding Electronic Case Management Needs?**

No.

**L. Is there any other information of which the court should be aware at this time?**

No.

**5. Proposed Discovery Plan**

1. Fact discovery should be completed by July 15, 2004. All requests pursuant to RCFC 31, 33, 34 and 36 served after June 15, 2004, shall be deemed untimely.

2. The party with the burden of proof regarding an issue

shall disclose its testifying experts, the information required by RCFC 26(a)(2), and all expert reports by August 15, 2004.

3. All rebuttal experts, required information, and expert reports shall be disclosed by September 30, 2004.

4. All expert discovery shall be completed by October 31, 2004.

5. Summary judgment motions, if any, shall be filed by November 15, 2004.

6. A status conference shall be held on or about November 30, 2004 to discuss the status of the case, and to establish any necessary pretrial schedule.

Respectfully submitted,

S/ Sam E. Baker, Jr.
SAM E. BAKER, JR.
Oles Morrison Rinker
& Baker, LLP
701 Pike Street
Suite 1700
Seattle, WA 98101-3930
Tel: (206) 623-3427
Fax: (206) 682-6234

Attorney for Plaintiff

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W.
Washington, D.C. 20530
Tele: (202) 307-6289
Fax: (202) 514-7969

September 26, 2003 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on September 26, 2003, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier